UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

QINGYAN PAN, et al.

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-46

Agency Nos.
A206-345-608
A206-345-611
A206-345-609
A206-345-610

ORDER

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

The memorandum disposition filed on September 19, 2023, is withdrawn,

and replaced with the concurrently filed amended memorandum disposition.  With

that, the panel has unanimously voted to deny the petition for panel rehearing.

**DENIED.**

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QINGYAN PAN; YUTONG HE; KUNYUN HE; YUJIN HE,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-46<br><br>Agency Nos.<br>A206-345-608<br>A206-345-611<br>A206-345-609<br>A206-345-610<br><br>AMENDED MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 16, 2023
Pasadena, California

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

Pan Qingyan, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's

("IJ") denial of her applications for asylum, withholding, and protection under the

Convention Against Torture ("CAT"). Pan's husband, He Kunyun, and two

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

foreign-born children, Yujin and Yutong, are derivative beneficiaries of Pan's asylum application. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition.

1. Substantial evidence does not support the BIA's conclusion that Pan did not have a well-founded fear of future persecution by the Chinese government on account of her membership in the Local Church. Pan has a well-founded fear if (1) she has a fear of persecution in China on account of her religion; (2) there is a reasonable possibility of suffering persecution if she returns to China; and (3) she is unable or unwilling to return to China because of such fear. *See* 8 C.F.R. § 1208.13(b)(2). Pan credibly testified to her subjective fear and unwillingness to return to China. But the BIA rejected Pan's claim and found that she did not provide evidence that "she is a member of the banned Shouters Church or that she faces a reasonable possibility of persecution." The record compels the opposite conclusion.

Pan submitted a report from the U.S. Department of State establishing that the "Shouters" are a religious group criminally banned by the Chinese government and "those belonging to them can be sentenced up to life in prison." U.S. Dep't of State, Bureau of Democracy, H.R. and Lab., International Religious Freedom Report for 2016 (2016). Neither the agency nor the government questions whether the Chinese government persecutes the Shouters.

2

Instead, the government argues that Pan did not objectively establish a connection between her church and the Shouters. To the contrary: The record compels the conclusion that Pan's church is the same religious group as the "Shouters." Pan credibly testified that she belonged to the Local Church, which is called the Shouters in China. And ample evidence in the record supports Pan's testimony that the Local Church is the same religious group as the Shouters. Pan submitted congressional records showing that the Local Church and the Shouters originated from the same founders and ministry, who are labeled "dangerous" "cult leader[s]" by the Chinese government. 160 Cong. Rec. E621 (daily ed. Apr. 29, 2014) (statement of Rep. Pitts). Further, the congressional records reveal that the Local Church and the Shouters use the same Recovery Version Bible, and members "have been imprisoned merely for possessing copies of the Recovery Version." Pan also submitted a political prisoner database created by the Congressional Executive Commission on China that reveals that the Chinese government imprisoned defendants for "being 'Shouters' (Local Church), a Christian affiliated religious group banned in China." Cong. Exec. Comm'n on China, *China: List of Political Prisoners Detained or Imprisoned as of October 10, 2013*, 146–48, 151–52 (2013).

2. The government argues for a different interpretation of the term "local church," and the agency incorrectly accepted this interpretation. The government

3

asserts that Pan's testimony regarding her devotion to the Local Church merely describes her adherence to her "local" church in Hacienda Heights, California. But Pan's evidence and her credible testimony confirm that her adherence to the Local Church describes her devotion to a religious movement rather than to a neighborhood church.

3. The government also contends that the agency reasonably relied on the fact that Pan's mother-in-law was able to practice her Christian faith in China for years without facing persecution. But there is no evidence in the record to show that Pan's mother-in-law belonged to the Shouters, and thus, her experience sheds no light on Pan's likelihood of facing persecution. While many Christians in China can practice their faith without persecution, members of Pan's Local Church have been arrested and persecuted by the Chinese government for practicing their faith. Indeed, some of Pan's fellow church members have been granted asylum on these grounds.

The BIA disregarded the evidentiary record to conclude that Pan did not establish her membership in the banned Shouters group and that she did not face a reasonable possibility of persecution. The record compels our finding that the Shouters are persecuted by the Chinese government and that Pan's Local Church is the same as the Shouters. Therefore, Pan has met her burden of showing at least a "ten percent chance of persecution" upon her return to China. *Al-Harbi v. INS*, 242

F.3d 882, 888 (9th Cir. 2001).

4. Because we find that Pan has met her burden of establishing a well-founded fear of persecution on account of her faith, we need not reach Pan's asylum claim based on her violation of China's family planning policies or her withholding and CAT claims. And although the agency erred by requiring additional corroboration without providing adequate notice as required under *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), because we grant Pan's petition, we remand to the BIA for further proceedings in light of the Court's determination that Pan demonstrated eligibility for asylum on account of her religion.

**PETITION GRANTED.**